No. 35,300

EDGAR MARDEN, *Petitioner*, v. ALBERT BERTRAND, Sheriff of Sedgwick County, *Respondent*.

(117 P. 2d 580)

Opinion filed October 11, 1941.

*Joe T. Rogers* and *Roy L. Rogers*, both of Wichita, for the petitioner.
*John Madden* and *John Madden, Jr.*, both of Wichita, for the respondent.

The opinion of the court was delivered by

DAWSON, C. J.: Edgar Marden was sent to jail in Sedgwick county for contempt of court, and seeks his liberty through our writ of habeas corpus.

The cause was argued orally before this court in July and was submitted on the pleadings without briefs. The first of these pleadings is a petition to which are appended certain files and orders of the district court of Sedgwick county in a divorce case entitled *Bertha Marden v. Edd Marden,* of which cause the subsequent contempt proceedings are an incident. The second pleading is an answer and supplemental answer filed by the sheriff of Sedgwick county showing that he holds the petitioner in custody on the authority of an order of the district court of Sedgwick county, dated April 17, 1941, finding and adjudging the petitioner Edd [Edgar] Marden guilty of contempt of court because of his failure to comply with its order that he pay to Bertha Marden the sum of $10 per week for the support of his two minor children whose custody had been awarded to her in the court's decree in the divorce suit. Computations as to the amount of arrears are included in the order, but these will not require our attention. The court's order committing the petitioner for contempt concludes thus:

"It is therefore considered, ordered, adjudged and decreed by the court that the defendant, Edd Marden, is guilty of contempt of court and he is ordered to serve sixty days in the Sedgwick county jail.

"It is further ordered by the court that if Edd Marden pays thirty dollars ($30) on this date and the further sum of twenty dollars ($20) to the clerk of the district court by April 28, 1941, on the back payments now due from him, and continues to pay ten dollars ($10) per week toward the support of his children, commencing Saturday, April 19, 1941, the jail sentence will be suspended for thirty days or until May 17, 1941, when the defendant is ordered to report in person to this court at nine o'clock a. m."

The opinion of the district court contains a summary of the history of the divorce case which culminated in the contempt proceedings from which the petitioner seeks relief by our writ of habeas corpus. It reads:

"*Pierpont,* district judge: This matter comes up on a motion to set aside and vacate a judgment in a divorce rendered by division number two of this court on July 6, 1939. Motion by the defendant to vacate was filed August 14, 1940, and on October 14, 1940, notice was served on the plaintiff's attorney that the motion would be taken up.

"In order to clearly understand this case, it seems advisable to state something of the facts.

"Bertha Marden, on July 23, 1937, through her attorney, Charles B. Hudson, filed an action for divorce and for the care and custody and support of her two children, Ronald, aged 7, and D'Lene, aged 4. The praecipe for summons was issued on January 22, 1938, and personal service was had on the defendant, Edd Marden, in Riley county, on January 25, 1938. The case was in division three of this court, and under the rules of the court, unless the judge of the division is absent, he retains control over the entire proceedings in the case. On January 22 an order was made [for] the defendant, Edd Marden, to pay $50 attorney fees, $15 court costs, and $10 per week for the support of the children. Under this order he made payments for the support of the children up to and including October, 1938, at which time for some reason he ceased to pay.

"It is the custom of the judges of the eighteenth judicial district to have what is known as a field day from time to time, usually about once a term, at which divorce cases, when no one answers the call, are dismissed from the docket, and this case was so dismissed on September 12, 1938. It is also the custom to reinstate these cases upon application when it appears that a mistake has been made in dismissing them, either through inadvertence on the part of the court or neglect on the part of the attorneys, so that they may be heard and disposed of by final judgment. This case was reinstated on March 17, 1939, it appearing that neither the attorney fees nor the court costs had ever been paid, which had prevented the case from being disposed of, but that during the time the defendant had continued to pay support money for the children. He continued to pay support money from time to time in 1939. Again, during another field day on May 26, 1939, this case, with dozens of others, was dismissed for lack of attention and, in accordance with the usual custom, when the case was presented before division number two during the absence of the judge of division number three in July, 1939, the case was reinstated and decree of divorce granted the plaintiff and the defendant ordered to pay $10 a week for the support and maintenance of the children.

"The defendant was sent a copy of the decree and order, which he received, as stated in his testimony. At the end of six months he remarried and now has a child.

"For three months following the divorce the defendant paid support money and then ceased. In February, 1940, an affidavit was filed asking that he be brought into court for contempt in failing to support his children. Pursuant to that order he was brought into court and a hearing was had, the defendant being represented by T. A. Sullivan, attorney. He was adjudged guilty of contempt of court and sentenced to sixty days in the county jail, but was granted the privilege of purging himself by the payment of $25 on that date and additional payments for the support of the children. He paid the $25 and was released, but failed to make the additional payments as allowed, and subsequently on the 9th day of April, 1940, an order was made for the sheriff to arrest him and place him in the county jail to serve his time. He was arrested and placed in jail.

"Almost immediately he secured the services of Thos. P. J. Hasty as his attorney, and, having complied with the order of the court, he was released from the jail, being given five days in which to pay the costs. He has continued to make payments for the support of the children as ordered in the decree of divorce up to the present time.

"In both cases the journal entries were signed by the attorney for Mr. Marden.

"At all times since summons was served, the defendant has been aware of the proceedings in court, including the decree and the orders therein made, and has appeared on at least two previous occasions, personally and by attorney, without objection to the decree, and in addition thereto has taken advantage of the decree by remarrying and, as stated, has a child by that marriage. The record shows that dereliction on the part of the defendant in paying attorney fees and costs probably had a great deal to do with the way in which the case was allowed to ride on and off the docket.

"This court believes that it is not the policy of the law as laid down in the decisions to set aside and hold void decrees of divorce where one of the parties thereto who is asking that it be done had full knowledge of the proceedings, accepted the benefits thereof, has remarried and has a child by that marriage, and also where he has for such a length of time given assent and acquiescence to the judgment of divorce, and the motion will be overruled."

We think the district court's opinion and judgment could not be improved upon either in wisdom or justice by recapitulation or repetition. No basis for interference with that judgment is discernible. The application for a writ of habeas corpus is denied and this proceeding is dismissed.